## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

EARL BROWN,

      Plaintiff,

   v.                                             CIVIL ACTION NO. 3:19-cv-240-HTW-LRA
                                                (Jury Trial Demanded)

TC EXPRESS, LLC,

      Defendant.

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and without waiving any of its affirmative defenses, Defendant, TC Express, LLC hereby provide Notice of Removal of the above-captioned action from the Circuit Court of Noxubee County, Mississippi to this Court and, support of same, state as follows:

### Parties

1.      TC Express, LLC (hereinafter referred to as "TC Express") is a properly named Defendant in Civil Cause No. 2019-0030 filed on or about February 25, 2019, in the Circuit Court of Noxubee County, Mississippi, filed by the Plaintiff referenced above.   A copy of Plaintiff's Complaint is attached hereto as **Exhibit "A"** and incorporated herein**.**

2.      TC Express was served with a copy of the Summons and Complaint on or about March 11, 2019.

3.      Notice of Removal is being filed with this Court within thirty (30) days after the date of service to TC Express of the Complaint setting forth the claims for relief upon which the

Plaintiff's claims are based.

## Basis for Federal Jurisdiction

4.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, and this case is properly removable under 28 U.S.C. § 1441, as the Plaintiffs' Complaint alleges claims based upon federal law.

5.      Congress has provided for the removal of this action as one "of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441. The original jurisdiction here is in the form of federal question jurisdiction pursuant to 28 U.S.C. § 1331. That statute provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      Plaintiff's Complaint alleges violations of the American with Disabilities Act ("ADA"). (Plaintiff's Complaint Paragraph 5 (d)). Plaintiff's Complaint specifically alleges Defendant was negligent in "failing to follow the guidelines of the Americans with Disabilities Act." (Plaintiff's Complaint Paragraph 5(d)). Plaintiff's Complaint alleges the violations of the ADA proximately caused his injuries. The laws relating to Americans with Disabilities are codified in 42 USC § 12101 et.seq.

7.      In addition to the original jurisdiction over Plaintiffs' federal ADA claims, the Court has supplemental jurisdiction over Plaintiff's state-law claims. Under 28 U.S.C. § 1367, supplemental jurisdiction extends to claims that are "so related" to the federal claims "that they form part of the same case or controversy…" Supplemental jurisdiction is appropriate when the federal and state-law claims "derive from a common nucleus of operative fact." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010) (citation omitted). All claims set forth in the Plaintiff's Complaint, including the claims based upon federal law and state law,

arise from the same set of alleged events and, thus, a common nucleus of operative facts. Plaintiff's Complaint at 5(a) through 5(d), alleges negligence by TC Express arising out of the same alleged transaction and occurrence that form the basis of the ADA allegations against TC Express.

8.      Venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a), as this Court is the United States District Court for the district and division where the lawsuit is currently pending.

## Compliance with 28 U.S.C. § 1446

9.      The attached true and correct copy of Plaintiff's Complaint is attached hereto pursuant to 28 U.S.C. § 1446(a).  Further, a certified copy of the complete state court file from the Circuit Court of Noxubee County is attached hereto as **Exhibit "B"** in compliance with Local Rule 5(b).

11.      Contemporaneous with the filing of this Notice of Removal with this Court, Defendant TC Express has provided Notice of Removal to the Plaintiff, through his counsel of record in the state court action, as required by 28 U.S.C. § 1446(d), as well as notice to the Clerk of the Circuit Court for the Noxubee County, Mississippi, and requested that said Court proceed no further with regard to this action. (copy of the Notice to the Noxubee County Circuit Court (without exhibits) is attached hereto as **Exhibit "C"**).

WHEREFORE, Defendant TC Express respectfully requests this action be removed to the United States District Court for the Southern District of Mississippi, Northern Division, and requests that this Court assume full and complete jurisdiction over this action and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this, the 5th day of April, 2019.

JAY M. ATKINS, MS 100513; TN 21371
MASON S. MONTGOMERY, MS 103313
McAngus, Goudelock and Courie, LLC
119 North 9th Street
Oxford, Mississippi 38655
(662) 281-7828
(662) 259-8460 (Fax)
jay.atkins@mgclaw.com
mason.montgomery@mgclaw.com
*Attorneys for TC Express, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon all counsel of record by depositing a copy of the same in an official depository of the U.S. Mail in a postage-paid envelope addressed as follows:

> R. Gregg Rogers
> Post Office Box 478
> Louisville, Mississippi 39339

> Attorney for Earl Brown

This the 5th day of April, 2019.

MASON S. MONTGOMERY